## Carman *against* The Franklin Fire Ins. Company.

The defendant under the Act of Assembly may not only defalcate a claim founded on the contract on which the plaintiff sues, but one arising from breaches of other contracts.

Breach of a contract by the plaintiff producing loss to the defendant, is sufficient consideration to sustain the defence of set-off or defalcation.

ERROR to the District Court for the city and county of *Philadelphia*, in which suit was brought by the Franklin Fire Insurance Company of Philadelphia against William Carman, on the following note:

*January 26th* 1841.

$2800 　　　On demand I promise to pay to the order of Franklin Fire Insurance Company of Philadelphia, two thousand eight hundred dollars, without defalcation, for value received, with interest.

WILLIAM CARMAN.

The defendant filed the following affidavit of defence:

"William Carman, the above defendant, being duly affirmed, saith, that there is a defence to the plaintiff's claim in the above suit of the following nature and character, to wit: in January 1841 the above plaintiff held two mortgages for the sum of $8500 on defendant's property in New Jersey, the bonds accompanying which were entered up in the city of Philadelphia and bound deponent's property in this city and county. Deponent was desirous of releasing his property in the city and county of Philadelphia from the effects of these two judgments, to wit, one of $10,000 and one of $7000, both in favour of Jacob Ridgway and both entered up on the 8th of April 1837; and in order to accomplish it, he agreed with the above plaintiff, who then owned the said bonds, mortgages and judgments, that if they would assign and transfer the same, together with the policies of insurance which accompanied the mortgages, to any one who would purchase the same, and would loan deponent $2800 of the said money on his, deponent's, note and sixty-two shares of United States Bank stock which they held, he, deponent, would raise the amount of the said bonds and mortgages and pay it to them. This the above plaintiff agreed to do and to transfer the said policies of insurance. Deponent, on the faith of this agreement, procured a purchaser for the said bonds and mortgages of $8500, for a premium of $850, which deponent paid and the said plaintiff received the full amount, principal and interest due on said bonds and mortgages, and transferred the same to the purchaser. They also loaned deponent $2800 of

the money and took his note, which is the one of which a copy has been filed in this suit, and held deponent's stock.  But they have refused and still do refuse to transfer the said policies of insurance on the property bound by said mortgages and which accompanied the same, in consequence of which the purchaser of the said bonds, mortgages and judgments refuses to enter satisfaction on the said judgments or to release deponent's property in the city and county of Philadelphia from the effects of the same, and deponent has no means of compelling him so to do till plaintiff transfer to him the said policies.   The purchaser of the said bonds, mortgages and judgments agreed with deponent to enter satisfaction on the said two judgments, on receiving from the said plaintiff a transfer of the said policies, bonds, mortgages and judgments and is now ready and willing to do so on receiving a transfer of the said policies; but by the refusal of the said plaintiff to comply with that part of their agreement and to transfer the said policies of insurance, deponent's property in the city and county of Philadelphia continues bound by the said two judgments and he is thereby prevented from either selling the same or raising money upon it and is subjected to great loss and inconveniences.   Deponent is the owner of valuable real estate in the city and county of Philadelphia, which continues bound by the said two judgments in consequence of the plaintiff's refusal to comply with their agreement, none of which is he able to sell owing to the said judgments remaining unsatisfied and for some of which he has an application at this very time and is desirous of selling.   The loan of the $2800 and the giving the promissory note in question was a part of the original contract with said plaintiff, and by their not complying with their part of the said contract, deponent has lost the said $850 which he paid as a premium on the sale and transfer of the said bonds and mortgages, besides the loss and inconveniences which he has suffered by having his property in the city and county of Philadelphia bound by the said judgments."

The court entered judgment for want of a sufficient affidavit of defence.

Errors assigned :

1. The court erred in giving judgment in favour of the plaintiff notwithstanding the affidavit of defence.

2. In deciding that the fact stated in defendant's affidavit of defence did not entitle him to a jury trial.

3. In deciding that the facts stated in defendant's affidavit could not be given in evidence by way of defalcation or set-off in this suit, and could not prevent the plaintiff's recovering the face of the note and interest.

*Perkins*, for the plaintiff in error, contended that the claim of the defendant, being part of the original contract, was properly the subject of set-off.  *Steigleman* v. *Jeffries*, (1 *Serg. & Rawle*

477); *Heck* v. *Shener,* (4 *Ibid.* 249); *Shaw* v. *Badger,* (12 *Ibid.* 275); *Bayne* v. *Gaylord,* (3 *Watts* 301); *Nickle* v. *Baldwin,* (4 *Watts & Serg.* 291); *M'Fadden* v. *Irwin,* (2 *Whart.* 37); *Hubler* v. *Tamney,* (5 *Watts* 51); *Harper* v. *Kean,* (11 *Serg. & Rawle* 280).

*T. I. Wharton,* contra.

The alleged agreement was without consideration. The affidavit states no loss or injury to the defendant or benefit to the plaintiff; or if it does, it is too remote. The affidavit is defective also in not alleging any agreement to enter satisfaction.

The defendant should have brought his action; his demand was not a subject of defalcation. The rule allowing unliquidated damages to be set-off ought not to be extended. The claim of the defendant does not arise out of the original transaction, as in the cases cited by the plaintiff in error, but out of a transaction altogether distinct, and it is, therefore, not the proper subject of defalcation. *Gogel* v. *Jacoby,* (5 *Serg. & Rawle* 122); *Cornell* v. *Green,* (10 *Ibid.* 14). The case of *Nickle* v. *Baldwin* was decided under the Act of 20th March 1810.

The opinion of the Court was delivered by

Huston, J. — The Insurance Company brought suit on a note given by Carman to them for $2800. The suit was between the payer and the payee. The Act of 28th March 1835 has declared, in the 2d section, that in all actions instituted in said court on bills, notes, bonds or other instruments of writing for the payment of money, &c. it shall be lawful for the plaintiff, on or at any time after the third Saturday succeeding the return day, on motion, to enter a judgment by default, notwithstanding an appearance by attorney, unless the defendant shall previously have filed an affidavit of defence, stating therein the nature and character of the same.

Notwithstanding the affidavit of defence, the court ordered judgment for the plaintiff, and the defendant sued out this writ of error. That court gave no reasons for its decision. The errors assigned are: " 1. The court erred in giving judgment for the plaintiff notwithstanding the affidavit of defence. 2. In deciding that the facts stated in the defendant's affidavit did not entitle him to a jury trial. 3. In deciding that the facts stated in the affidavit could not be given in evidence by way of defalcation or *set-off* in this suit, and could not prevent the plaintiff's recovering the face of the note and interest." The words, " or set-off," in the third assignment of error are at least useless; for set-off it was not, in the legal and English sense of the word. The English courts had decided that what is known as an equitable defence could not be made at law to a negotiable note or any evidence of debt under seal. The defendant must suffer judgment to pass on the law side, and then apply to a chancellor for relief.

[Carman v. Franklin Fire Insurance Company.]

A Court of Chancery was never regularly authorized or organized in this State, although some proceedings in that court seem to have been commenced; but as early as 1705 an Act was passed; " If two or more dealing together be indebted to each other upon bonds, bills, *bargains*, promises, accounts or the like, and one of them commence an action in any court of this province, if the defendant cannot gainsay the deed, bargain or assumption upon which he is sued, it shall be lawful for such defendant to plead payment of all or part of the debt or sum demanded and give any bond, bill, receipt, account or bargain in evidence; and if it shall appear that the defendant hath fully paid or satisfied the debt or sum demanded, the jury shall find for the defendant, &c. And if it shall appear that any part of the sum demanded be paid, then so much as is found to be paid shall be defalked, and the plaintiff shall have judgment for the residue only, with costs of suit." It then proceeds to direct what shall be done if the plaintiff is over-paid.

More than fifty years ago it was decided that under the plea of payment with leave to give the special matter in evidence, the defendant might give in evidence anything which went to show that the plaintiff ought not to recover the whole or part of his demand. It was also settled that this Act went beyond the English statutes of set-off. The word "bargain," there introduced into the law, showed clearly that an agreement not completed might be considered by the jury: and this has been always held to apply to any stipulations expressed or implied in the contract on which the plaintiff's claim was founded; *Steigleman* v. *Jeffries*, (1 *Serg. & Rawle* 477); *Heck* v. *Shener*, (4 *Ibid.* 249); and many other cases cited in the argument. In *Nickle* v. *Baldwin*, (4 *Watts & Serg.* 290), and in one or two cases at this term, this court went further, and it was extended to breaches of other contracts than those out of which the plaintiffs' claim arose.

The defendants' counsel stated there was no consideration. This was not pressed. Although we cannot see any gain to the plaintiff, yet injury or loss to the defendant is stated specifically, and the breach of a contract producing this is consideration enough to support or sustain the defence. See the cases above. The Act first cited as to the affidavit of defence and its nature and character, was not intended to narrow the grounds of defence in that court. Whatever by authority or on principle was a defence in any court is a defence in that court.

Judgment reversed, and a *venire de novo* awarded.