## Boehm v. Northampton and Lehigh Counties.

*Practice, C. P.—Counties—Joint defendants—Act of May 8, 1907.*

1. An action for injuries by reason of alleged negligence of two adjoining counties in failing to maintain a bridge in repair cannot be brought against both counties in one of the counties.

2. The action may be brought in either county against that county and, on recovery, contribution can be had.

Act of May 8, 1907, P. L. 185, considered.

Statutory demurrer in affidavit of defence. C. P. Northampton Co., Sept. T., 1923, No. 24.

*E. J. & J. W. Fox*, for plaintiff; *H. B. Frederick*, for Lehigh County.

McKEEN, J., April 13, 1925.—The plaintiff commenced her action against defendants in the County of Northampton to recover damages for fatal injuries to her husband, resulting from the collapse of an intercounty bridge over the Monacacy Creek, in Bethlehem.

The County of Lehigh, one of the defendants, filed an affidavit of defence, in which it raised a question of law by way of demurrer under the Practice Act of 1915. The legal question raised is: Whether the Court of Common Pleas of Northampton County has jurisdiction of an action against the County of Lehigh. In support of this legal question the County of Lehigh cited the case of Lehigh County *v.* Kleckner, 5 W. & S. 181, which was an action of *indebitatus assumpsit* in the Court of Common Pleas of Northampton County by Daniel Kleckner against the County of Lehigh for work and labor done in the erecting of a county bridge in the County of Lehigh for the Commissioners of Lehigh County. Judgment was for the plaintiff in the court below, but on appeal it was held: "What may be considered conclusive of this point (*i. e.*, jurisdiction) is that there is no mode of serving process pointed out by the act, nor can a party reap the fruit of his judgment by execution. The service of process against corporations and against counties and townships is regulated by the Act of June 13, 1836, §§ 41 and 42, P. L. 579, and the Act of April 15, 1834, P. L. 538, and in neither act is authority given to serve process in any county except where they are located, unless, as in the 42nd section, where it is provided that in actions for damages occasioned by a trespass or injury done by a corporation, where the officers of the corporation, or any of them, shall not reside in the county in which the trespass

or injury shall be committed, process may be served in any county or place where they may be found. This provision would be totally unnecessary if the doctrine that a corporation is suable in any county of the State be correct. . . . The manner of issuing executions against corporations is pointed out in the 72nd and following sections of the Act of June 16, 1836, P. L. 585, in which there is no indication of any authority for the courts of one county to issue an execution against a corporation located in a different county. And this, indeed, is true of all corporations whatever. Much less would the court of Northampton have power to enforce a judgment rendered against another county—counties . . . being expressly excepted from the operation of the act. It would evince but little wisdom in the legislature to give an action without giving the courts power to cause process to be served to enforce their judgments by execution; and, hence, an argument of no inconsiderable weight, that it was not intended to make any alteration in the law as to the forum before which the action was to be brought."

The plaintiff contends that the Court of Common Pleas of Northampton County has jurisdiction under the Act of April 15, 1834, P. L. 537, and the Act of May 8, 1907, P. L. 185. The Act of April 15, 1834, § 3, P. L. 537, provides: "The several counties and townships in this State shall have capacity as bodies corporate (1) to sue and be sued as such by the corporate name of 'The ———— County of ———— or the Township of ————,' as the case may be." Section 5 of the same act provides: "All suits by a county or township shall be brought and conducted by the commissioners or supervisors thereof respectively, and in all suits against a county or township process shall be served upon, and defence made by, the commissioners or supervisors thereof respectively."

It is argued that the Act of 1834, relating to counties as corporate entities, does not contain any provisions against commencing the action against both counties in the County of Northampton. And it is also argued that the jurisdiction of this court is established by the Act of 1907. The Act of May 8, 1907, P. L. 185, entitled "An act to amend an act entitled 'An act to amend the forty-sixth section of an act approved the thirteenth day of June, Anno Domini one thousand eight hundred and thirty-six, entitled 'An act relating to roads, highways and bridges,' authorizing the construction of bridges on the line of adjoining counties, or located within one-fourth of a mile from the county lines,' approved the twenty-third day of April, Anno Domini one thousand nine hundred and three, so as to provide that nothing in this act shall prevent any county in this Commonwealth from erecting a bridge at any point wholly within the limits of said county without any view or other proceeding whatsoever in any adjoining county," provides: ". . . That the Court of Quarter Sessions of each county shall appoint three of the viewers, and that a report as aforesaid be made to the said courts, respectively, and that the said courts shall, together with the grand juries and commissioners of the respective counties, in all other respects have and exercise a concurrent jurisdiction and discretion therein. . . ."

The plaintiff has urged the court that the words "in all other respects," contained in this provision of the Act of 1907, discloses the purpose and intent of the legislature to vest in the courts of either county concurrent jurisdiction, which would cover the present case, an action brought for negligence of the commissioners of the two counties, which negligent act was the joint act of both counties. While the provisions of the Act of 1834, relating to counties as corporate entities, are silent as to the county in which an action must be brought, the common law rule that a corporation could be sued only in the

territorial jurisdiction where it had its legal domicile and chief place of business must prevail, unless enlarged by an act of the legislature. The Act of 1907, cited by plaintiff, is an act authorizing the construction of bridges and providing the methods. Having in mind the title of this act, under no possible construction could it be held that the words "in all other respects" would give the courts of either county concurrent jurisdiction in the case at bar.

The two defendants, as municipal corporations, were jointly bound to keep the bridge in repair. They can only act by their legally constituted agents, their commissioners, and both are severally liable for the negligence of their agents in maintaining and keeping the bridge in repair. The plaintiff may elect to bring her action against either county, but it must be brought in the courts of the county in which she elects to sue, and in the event of a verdict, the other county can be called upon for contribution. "The doctrine of contribution rests on the principle that when the parties stand in *æquali jure*, the law requires equality, which is equity, and one of them shall not be obliged to bear a common burden in ease of the rest. It is founded on principles of equity and natural justice and does not arise from contract. In other words, the doctrine of contribution is not founded on contract, but comes from the application of principles of equity to the condition in which the parties are found in consequence of some of them, as between themselves, having done more than their share in performing a common obligation. When allowed at all, outside of cases provided for by statute, contribution between joint tortfeasors grows out of equity, although enforced at law:" 13 Corpus Juris, 821, § 2. This doctrine of contribution is applicable to the case at bar and was recognized in Armstrong County *v.* Clarion County, 66 Pa. 218, where a traveler passing over a bridge which was maintained by two counties was injured by its breaking down. He recovered damages in an action for negligence against one of the counties. It was held upon writ of error that that county might recover contribution from the other. In his opinion Mr. Justice Read said: "The parties plaintiff and defendant are two municipal corporations, jointly bound to keep this bridge in repair. These bodies can act only by their legally constituted agents, their commissioners, who examine the structure and order repair which is done. They erred in judgment, and both were liable for the consequences of that error, and one having paid the whole of the damages is entitled to contribution from the other." In Morton *v.* Traction Co., 20 Pa. Superior Ct. 334, President Judge Rice, in discussing the case cited *supra*, said: "There was a common duty imposed upon the two counties. Neither county could have prevented the injury by repairing the bridge without assuming more than its just share of the burden which the law imposed upon them jointly. Natural justice required that, as neither county was guilty of intentional wrong and both were liable for the consequences of the error of judgment, in which one participated as much as the other, the one that paid the whole of the damages should receive contribution from the other." Under these decisions, plaintiff's remedy appears to be clearly established, and, under the circumstances set forth in the statement of claim, there can be a severance of the parties defendant, notwithstanding that the defendants are alleged to be joint tortfeasors. The Court of Common Pleas of Northampton County having no jurisdiction so far as the County of Lehigh is concerned, the plaintiff in the case at bar should enter a *nolle prosequi* as to the County of Lehigh.

And now, April 13, 1925, the affidavit of defence filed by the County of Lehigh raising a question of law by way of demurrer is sustained.

From Henry D. Maxwell, Easton, Pa.