The Real Estate-Land Title & Trust Co., Appellant,
*v.* Bankers Trust Company of Philadelphia.

Argued October 13, 1931.

Before TREXLER, P. J., KELLER, LINN, GAW-
THROP, CUNNINGHAM and BALDRIGE, JJ.

494

*Thomas P. Mikell* of *Saul, Ewing, Remick & Saul,* for appellant.

*Sylvan H. Hirsh* of *Sundheim, Folz & Sundheim,* and with him *Robert Von Moschzisker,* for appellee.

OPINION BY TREXLER, P. J., January 28, 1932:

This is a feigned issue under the Sheriff's Interpleader Act to determine the title to furniture and other articles of personal property in the Fairfield Apartments, levied upon by virtue of a writ of fi. fa.

One, S. Louis Baron, being the registered owner of said premises, gave a mortgage to the Land Title & Trust Company, (now the Real Estate-Land Title & Trust Company) as trustee for the holders of the bonds secured by the mortgage, in the sum of $200,000, which mortgage contained the following: "Together with all machinery, including engines, boilers, dynamos, elevators, refrigerators, incinerators, steam and electric fixtures and appliances and all fixtures and other property generally now or which may hereafter be placed in or about said premises and appurtenant thereto, or used in connection therewith for the operation of the building as an apartment house."

The premises were conveyed to the Fairfield Apartments Corporation on November 6, 1927. On January 4, 1928, the latter corporation borrowed $3,000 from the Bankers Trust Company, evidenced by certain promissory notes. The apartment company having defaulted in the payment of the interest which was due

on the mortgage, the trustee under the mortgage, about April 12, 1930, took possession of the premises through its agent, put up "for rent" signs and notified tenants that the rents were payable to it.

On June 13, 1930, the Bankers Trust Company obtained judgment on its indebtedness and on the same day levied upon the personal property on the premises as the property of the Fairfield Apartments Corporation and the Land Title & Trust Company, trustee, claimed it as its property. The issue thus joined came to trial and the judge, sitting without a jury, found in favor of the Bankers Trust Company, the execution creditor.

The question to be determined is whether the personalty levied upon by the appellee, the Bankers Trust Company, could be sold under the execution or whether it was covered by the mortgage. If we examine the clause above under which the mortgagor claims to have the right of retention of the personal property, we find that the lien of the mortgage covers the apartments and the fixtures "and other property generally or which may hereafter be placed in or about said premises and appurtenant thereto or used in connection therewith for the operation of the building as an apartment house." The enumeration of "engines, boilers, dynamos, elevators, refrigerators, incinerators, steam and electric fixtures and appliances" shows the character of the property which was to be covered.

It is a familiar rule of construction that where general expressions are employed following the enumeration of particular objects that the general terms are referrable to the same kind of articles as those enumerated or, to use the phrase generally employed, those articles which are ejusdem generis. It is hardly necessary to quote any authority for this proposition. One of the latest cases called to our attention is Burns v.

Coyne, 294 Pa. 512, 517, where a number of cases are cited.

The rule in the latter case was applied to the construction of a statute. The words in the act being "as to bona fide judgment or other creditors," and it was held not to extend to general creditors, but was restricted to lien creditors. Taking the whole paragraph in the present case, there seems to be no doubt that the mortgage was to cover articles appurtenant to the building and not mere personal property.

Even if we were to take the view that the parties to the mortgage intended that the furniture should be included in the property bound by its lien, it does not follow that such intention could be carried into effect so as to protect such furniture from levy and sale by creditors having judgments against the mortgagor, or his successor in title. In Klaus v. Majestic A. H. Co., 250 Pa. 194, 219, where an attempt was made with the lien of the mortgage to cover the furniture of the Majestic Apartment House, Justice MESTREZAT stated: "After a very thorough examination of our decisions we do not find even a suggestion in any of them that would warrant us in holding with the appellant that as against execution creditors the furniture, household furnishings, tableware, etc., used in the hotel, are part of the real estate and as such bound by the lien of a mortgage on the premises. The doctrine of fixtures has not yet been carried to that extent in this state."

If we are right in this position, it is the end of the case. The discussion as to whether there was a visible notorious transfer of this personal property to the mortgagee does not enter into the matter. If the mortgage covered the personal property, there was no transfer required. The execution creditor could not sell it under his fi. fa., because it belonged to the real estate and was covered by the lien of the mortgage.

If it was personal property not covered by the mortgage, the entry of the mortgagee upon the mortgage premises and the putting a "for rent" sign and performing other acts indicating dominion over the property, did not change its nature. The present holder of the title might indeed have transferred the personal property to the mortgagee in part payment of the debt, but there is no evidence of any such transaction having taken place, for in order to do this, there must have been a definite understanding between the parties, nor can we consider the transaction in regard to this personal property as a chattel mortgage, for there is no evidence that such was the intention of the parties, or that the property was pledged, or that anything was done by the parties interested with that end in view.

It must be remembered that the present owner of the apartments is not the one who gave the mortgage and who is indebted to the trustee for the bondholders. There is no contractual relation between them. At least none appears in the testimony as presented. The purchase of the apartments by the Fairfield Apartments Corporation under and "subject to mortgages secured thereon aggregating $334,000" imposed no personal liability to pay the debt. Act of June 12, 1878, P. L. 205, Section 1.

We repeat, as these articles of personal property were not covered by the mortgage, the creditors of the debtor had the right to seize them in execution and the fact that there was a mortgage upon the premises in which they were situated, could not prevent their sale in order to satisfy the execution in whole or in part.

The judgment is affirmed.