## Industrial Trust, Title and Savings Co., to use, v. Gelman et al.

*Ferree Brinton*, for plaintiff.

*Foulkrod, Sheppard, Porter & Alexander*, for garnishee.

SMITH, P. J., June 17, 1932.—Plaintiff secured judgment by confession against defendant on a bond and warrant of attorney, containing a waiver

of exemption, for $3035.25, and thereafter issued an attachment sur judgment and summons to the garnishee, the Commercial National Bank. The garnishee admitted in its answer to interrogatories having in its possession the sum of $272.48 belonging to the defendant. The plaintiff thereupon took this rule for judgment for the amount admitted by the garnishee to be due the defendant.

The bond recites:

"And the said Obligor for himself, his heirs, executors, administrators and assigns, thereby expressly waived and relinquished unto the said Obligee, its successors and assigns, all benefit that may accrue to him by virtue of any and every law, made or to be made, to exempt the premises described in the Indenture of Mortgage therewith given or of any other premises or property whatever from levy and sale under execution or any part of the proceeds arising from the sale thereof, . . ." etc.

The defendant contends that the word "property" in the phrase "to exempt the premises described in the Indenture of Mortgage therewith given or of any other premises or property whatever from levy," etc., is a word ejusdem generis of premises and applies only to real estate so as to preclude the plaintiff from attaching the bank account of defendant. We have examined the cases: Real Estate-Land Title and Trust Co. v. Bankers Trust Co. of Phila. et al., 104 Pa. Superior Ct. 493, Howard Building and Loan Ass'n, to use, v. Phila. & Reading R. R. Co., Garnishee, 102 Pa. 220, and Burns v. Coyne et ux., 294 Pa. 512, relied on by the defendant and are of the opinion that they do not control in this case.

In Rehfuss et al. v. Moore et al., 26 W. N. C. 105, 107, it is stated:

"Property is corporeal or incorporeal; one may be said, with equal propriety, to have property in a farm or a horse, or in an easement, a franchise, or in letters patent."

White et al. v. Com., to use, 110 Pa. 90, holds that the word "property," when used in a will directing the disposition of testator's property, will, in the absence of explanatory words, be construed to include both real and personal property.

The word "premises," on the other hand, in a mortgage and bond clearly refers to real estate only: Building Ass'n v. Schott, 6 W. N. C. 399.

It becomes apparent, therefore, that the word "property" is of larger signification than the word "premises" and includes real and personal property.

The language of the warrant of attorney is: "to exempt the premises described in the Indenture of Mortgage therewith given or of any other premises or property whatever from levy," etc. It is noted that the word "premises" is used twice to signify the waiver of exemption as to mortgaged real estate and any other real estate that the mortgagor may own. To invoke the rule of ejusdem generis is to say that the word "property" is simply repetitious and mere surplusage. Such, we believe, was not the intent of the parties.

In Purdy v. Massey et al., 306 Pa. 288, 293, Justice Drew states:

"The covenants in a bond 'should be construed to mean what the parties intended, in so far as that intention can be ascertained by the words used': Equitable Trust Co. v. National Surety Co., supra [214 Pa. 159]. If, however, the language is not free from doubt, then the circumstances surrounding the making of the bond, and particularly the purpose for which it was given, should be taken into account: March v. Allabough, 103 Pa. 335; Ambridge Borough v. P. & B. St. Ry. Co., 234 Pa. 157."

We are cognizant that a warrant or power of attorney to confess judgment should be strictly construed against the party in whose favor it is given:

William B. Rambo B. & L. Ass'n *v.* Dragone et al., 305 Pa. 24, 26; yet we are of the opinion that the intent of the parties is, and that the warrant states, that the defendant waives exemption on all his real and personal property.

The rule for judgment against the garnishee on answers to the interrogatories in the sum of $272.48, less garnishee's counsel fees and costs in the sum of $13.50, is made absolute. An exception to this order is granted the defendant.