## E. Keeler Company v. Sanitary Family Washing Co.

*George Kunkel* and *Paul A. Kunkel,* for plaintiff.
*Metzger & Wickersham,* for defendant.

WOODSIDE, J., August 15, 1947.—This comes before us on motion to strike off a counterclaim and set-off.

Plaintiff sued in assumpsit for a certain sum alleged to be due for installing pipe equipment in defendant's laundry. Defendant filed an affidavit of defense denying some of the allegations of the statement of claim, and pleading a set-off and counterclaim based on the breach of an implied warranty in another transaction between the same parties.

Plaintiff raises the following questions by his motion:

1. May a contract claim growing out of a separate transaction from that sued upon be used as a counterclaim?

2. Does payment in full preclude an action for damages resulting from an implied warranty?

3. May unliquidated damages be set off against a claim for liquidated damages?

1. That claims arising out of a separate transaction can be set up as counterclaims in actions of assumpsit

is well established. In 4 Standard Pa. Practice 433 it is said:

"In assumpsit actions, it is not necessary that the cross demand which the defendant seeks to use as a set-off or counterclaim arise out of the same transaction."

As early as 1843 Chief Justice Gibson said in Ellmaker v. The Franklin Fire Insurance Co., 6 W. & S. 439, 444 (1843):

"If an unliquidated cross demand may be set-up when it has sprung from the same transaction—and we have constantly ruled that it may—why may it not be set up when it has sprung from a distinct and independent contract? The confusion incident to the trial of distinct issues in the same action is no greater where the demands are independent of each other than where they are connected; . . ."

In the cases of Carman v. The Franklin Fire Ins. Co., 6 W. & S. 155 (1843) and Dannenhauer v. Woods, 16 Dist. R. 226 (1907) damages for breach of warranty were allowed as counterclaims in suits on different transactions.

2. As to plaintiff's contention that the payment in full of the purchase price in the first transaction precludes the bringing of an action for breach of an implied warranty, section 49 of The Sales Act of May 19, 1915, P. L. 543, 69 PS §259, is in point:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach . . . within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor."

From the foregoing it can be seen that the controlling fact as to whether the seller was discharged from

liability for the breach is the question of notice within a reasonable time. Since defendant alleges it gave such notice as soon as the defects had become apparent after tests were made the question of reasonable notice becomes one of fact and we cannot, therefore, as a matter of law, say that payment in full as evidence of acceptance discharged the seller.

3. Plaintiff further contends that the claim for damages for the breach of the implied warranty, being unliquidated, cannot be set up against their liquidated claim.

In 4 Standard Pa. Practice 434, 435, this contention is well discussed:

"Although it is sometimes broadly asserted that unliquidated damages cannot be set off, it is well established that unliquidated damages arising ex contractu may be set off whenever they are capable of liquidation by any known standard. A debt or damages which can be set off as an independent counterclaim must be such that a jury can find and liquidate them in the ordinary way . . ."

In Ellmaker v. Franklin Fire Insurance Co., supra, Chief Justice Gibson points out that an unliquidated cross demand may be used as a counterclaim.

Plaintiff cites the holding of this court in Penna. Turnpike Commission, to use, v. U. S. F. & G. Co., affirmed in 343 Pa. 543 (1942), in support of its contention, but in that case the unliquidated damages which were not allowed as a set-off arose out of a tort claim not ex contractu.

In view of the foregoing we feel that plaintiff has not set forth any reasons why the counterclaim and set-off of defendant should be stricken off.

And now, to wit, August 15, 1947, the motion to strike off the counterclaim and set-off is hereby denied and plaintiff shall have the right to plead over within 20 days in accordance with Rule 1028(d) of the Rules of Civil Procedure.