Babcock & Wilcox Company, Appellant, *v.* Fischbach & Moore, Inc.

Argued April 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Oran W. Panner,* with him *Panner, Holland and Autenreith,* for appellant.

*E. Y. Calvin,* for appellee.

OPINION BY MONTGOMERY, J., June 22, 1971:

The issue before us concerns the interpretation to be placed on the indemnity provision of a written contract entered into by appellant (B. & W.) and appellee (F. & M.). It is therefore a question of law reviewable in this appeal, *Dravo-Doyle Company v. Royal Indemnity Company,* 372 Pa. 64, 92 A. 2d 554 (1952).

The provision is as follows: "Fischbach & Moore, Inc., Contractor, hereby agrees to indemnify and save harmless The Babcock & Wilcox Company, its successors and assigns, from any and all claims, loss, damage, or expense on account of: (a) the death of, or injuries or damage to any person or persons whatever, including death at any time resulting therefrom, or (b) damage or destruction of any property, no matter to whom belonging, arising in whole or in part out of the wrongful acts or omissions of the Contractor, its employees, agents, or servants, or of any sub-contractors under its contract or the employees, agents, or servants of any of them. This agreement shall not include injuries or damage due wholly to the negligence, whether by affirmative act or by failure to exercise vigilance, of

The Babcock & Wilcox Company, its successors or assigns."

The trial judge, Hon. Ralph SCALERA (now retired), found this clause to be ". . . ambiguous or at best reasonably susceptible of two different interpretations" and "Therefore, it must be construed against B. & W." Therefore, he concluded as a matter of law, "2. The indemnity agreement did not include or cover a loss due to B. & W.'s own negligence." The court en banc composed of President Judge John N. SAWYER and Judge James E. ROWLEY affirmed this conclusion after the retirement of Judge SCALERA.

We find no ambiguity in the terms of the agreement but, on the contrary, find it explicit in its terms. It clearly and unequivocally shows the intention of the parties to have been that F. & M., the contractor, agreed to indemnify B. & W. for any and all claims, etc., arising in whole or in part out of the wrongful acts or omissions of F. & M., its employees, agents or servants, which included claims from accidents for which B. & W. was partly at fault, but not to do so for claims arising wholly from the negligence of B. & W.

Perry v. Payne, 217 Pa. 252, 66 A. 553 (1907), established the principle that when a contractor agrees to indemnify the landowner from loss arising from accidents to mechanics, laborers employed in the construction work, or to persons passing when the work is being constructed, there arises a presumption that it was not intended that the promise should cover losses due to accidents involving such persons due to the negligence of the landowner (indemnitee). To cover indemnification in such cases the contract must contain an expression clearly and unequivocally indicating such intention, especially when the contract has been prepared by the indemnitee. No negligence on the part of the indemnitor was presented in that case. However, previously in *Morton v. Union Traction Company*, 20

Pa. Superior Ct. 325, 336 (1902), this Court recognized that in situations wherein a party to a contract undertook to indemnify another against the consequences of his own negligence in the performance of the contract, "Good faith required that the other party to the contract should not by its negligence subject the contractor to additional risks".

*Pittsburgh Steel Company v. Patterson-Emerson-Comstock, Inc.,* 404 Pa. 53, 171 A. 2d 185 (1961), although decided subsequent to the date of the contract in the present case, presented a situation similar to *Morton.* Therein, *Perry v. Payne* was followed and recovery denied where the accident was caused in part by the negligence of the indemnitee although the indemnity clause provided that it was intended to save harmless the landowner "from all liability for loss, damage or injury . . . in any manner arising out of or incident to the performance of this order. . . ." The jury in that case specially found that the accident had been caused by the joint negligence of both the indemnitee, in failing to enforce safety precautions; and the indemnitors, in failing to employe the safety standards agreed upon.

Thus in both situations, sole negligence on the part of the indemnitee, as in *Perry v. Payne,* and concurring negligence of both indemnitor and indemnitee, as in *Morton,* the law had been established that there can be no recovery on an indemnification contract against all losses unless it is expressed in clear and unequivocal language that indemnification was intended to include claims arising in part or wholly from the negligence of the indemnitee.

The contract now before us was written in 1959. In determining its meaning we should review it in the light of settled law as of that time. *Pew Trust,* 411 Pa. 96, 191 A. 2d 399 (1963) ; *Beaver County Building and Loan Association v. Winowich,* 323 Pa. 483, 187 A. 481 and 921 (1936). It may, therefore, be presumed that

the law established in *Morton v. Union Traction Company* and *Perry v. Payne* was in the minds of the parties when they drafted the contract. With that law in mind, they agreed that the indemnitor would be responsible although it contributed only partially to an accident by the negligence of its employees, etc., thus rendering itself liable although some other party also contributed concurring negligence to the accident. This might be interpreted as including only a third party (or parties). On the other hand, it might be interpreted as including the indemnitee. Thus, an ambiguity was created by the failure to use clear and unequivocal language to indicate the indemnitor's intention to indemnify although the accident was caused in part by the indemnitee's negligence. However, by the subsequent sentence, it stated that it would not be bound if the accident was caused wholly by the indemnitee's negligence, whether that negligence be by affirmative act or failure to exercise vigilance, which was the situation present in *Perry v. Payne*. To reach a proper conclusion, we must decide whether this additional sentence accomplishes what *Perry v. Payne* requires, that the intention to indemnify regardless of the indemnitee's negligence be clearly and unequivocally expressed. We believe that it does.

That we must give effect to the sentence referred to is not open to question. It was stated in *Knickerbocker Trust Company v. Ryan*, 227 Pa. 245, 250, 75 A. 1073 (1910), "It is a rule of universal application that in construing a contract each and every part of it must be taken into consideration and given effect if possible, and that the intention of the parties must be ascertained from the entire instrument." See also *Robinson v. Stover*, 320 Pa. 308, 182 A. 145 (1936). Applying this rule to the present contract, we are led only to the inevitable conclusion that the indemnitor promised indemnification if it contributed to the happening of an

accident to any degree by its own negligence, regardless of the amount of negligence contributed by the indemnitee, short of "wholly". Our conclusion finds further support by the distinction made between and the inclusion of both affirmative acts and failure to exercise vigilance on the part of the indemnitee. If these were not the true intentions of the indemnitor, it would not have been necessary to add the last sentence in the provision; for, otherwise, *Morton v. Union Traction Company* and *Perry v. Payne* would have afforded sufficient protection to the indemnitor against claims arising from accidents caused in part or wholly by the indemnitee's negligence. Furthermore, it would have needed no such provision to protect it from claims arising from accidents caused wholly by the negligence of third parties to the contract because it would not have contributed negligence, even in part, to such accidents.

The language is clear and unequivocal that the provision was intended to include the situation on which this claim is based, the concurring negligence of the indemnitor and indemnitee. This is the same situation that existed in *Pittsburgh Steel Company v. Patterson-Emerson-Comstock*, supra. However, the language used in the respective indemnity provisions is different, which accomplishes different results.

Since the claim is predicated on the verdict recovered by the injured workman, Mr. Windisch, against both B. & W. and F. & M. for their joint negligence, which the lower court held had been resolved by that proceeding, and no question remained as to the amount of appellant's claim, the judgment in appellee-defendant's favor is reversed and the prothonotary is directed to enter judgment in favor of appellant-plaintiff, B. & W., in the sum of $27,035.58, with interest thereon from December 26, 1963.