ROYAL INDEMNITY COMPANY, a corporation of the State of New York. Defendant Below, Appellant, v. ALEXANDER INDUSTRIES, INC., for the use of Berger Acoustical Company, Inc., a corporation of the State of Pennsylvania, Plaintiff Below, Appellee.

(*July* 8, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*William F. Lynch, II,* and *Eduard F. vonWettberg, III,* of Morris, James, Hitchens & Williams, for appellant.

*John Biggs, III,* of Bader & Biggs, for appellee.

*Victor F. Battaglia,* of Theisen & Lank, amicus curiae.

Supreme Court of the State of Delaware. No. 98, 1964.

CAREY, Justice.

The defendant below has appealed from a summary judgment entered against it in the Superior Court. The question presented is whether, under the language of a building contractor's bond, a sub-contractor may recover from the surety.

Berger Acoustical Co., Inc. (Berger), as a sub-contractor, supplied certain labor and materials for the erection of buildings at

Delaware City and Greenwood owned by Alexander Industries, Inc. (Alexander). Berger's contract was with Construction Unlimited, Inc. (Construction), the general contractor. There is no dispute of fact. The contract between Construction and Alexander contains these two paragraphs:

"Article 3. Except as otherwise noted, the contractor shall provide and pay for all materials, labor, tools, water, power and other items necessary to complete the work."

\* \* \*

"Article 10. Labor and material payment bond will be supplied by the contractor, if the owner so desires. The cost of such bond shall be borne by the owner".

Construction as principal, and Royal Indemnity Co. (Royal) as surety, executed two bonds, one for each building, entitled "contract bond (short form)", in which Alexander was named obligee. The language of the obligation therein is as follows:

"WHEREAS, the above bounden Principal has entered into a certain written contract with the above named Obligee, \* \* \* which contract is hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein.

"Now, therefore, the condition of the above obligation is such, That if the above bounden Principal shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be by the said Principal kept, done and performed at the time and in the manner in said contract specified, and shall pay over, make good and reimburse to the above named Obligee, all loss and damage which said Obligee may sustain by reason of failure or default on the part of said Principal, then this Obligation shall be void; otherwise, to be and remain in full force and effect."

Berger performed its agreement and, not having received

payment, brought this action as use-plaintiff to recover therefor. Both parties moved for summary judgment. The Superior Court granted Berger's motion and denied Royal's motion.

Certain principles were settled by our decision in *Wilmington Housing Authority v. Fidelity & Deposit Co.,* 4 Terry 381, 47 A.2d 524, 170 A.L.R. 1288. A third party beneficiary may recover on a contract made for his benefit; the right of a subcontractor to recover from the surety on the contractor's bond depends upon whether the language of the bond shows an intent to protect the subcontractor; a surety bond will not be construed strictly in favor of a paid surety. Appellant does not quarrel with those principles. Moreover, it concedes that the bond and the contract between the owner and the contractor must be read together in order to ascertain the intent of the parties, the contract being expressly incorporated by reference in the bond.

Appellant's theory is that these bonds are purely "indemnity" bonds given to protect the owner only and are not "labor and material" bonds. It argues that there is no promise by Royal to pay anyone other than the owner. In support of its argument, it cites *Bevard v. New Amsterdam Casualty Co.,* D.C.Mun.App., 132 A.2d 157, and *Board of Education v. Victor N. Judson, Inc.,* 211 Md. 188, 126 A.2d 615. In the Bevard case, the sole condition of the bond was to "indemnify the Obligee (the owners) against any loss or damage directly arising by reason of the failure of the principal faithfully to perform said contract * *". This language was almost exactly the same as that in the Judson case. Both Courts held that, as the sole promise of the surety was to indemnify the owner, there was no intention to create any rights in anyone else.

The instruments before us differ materially from those described in the foregoing two cases. Here we have two conditions. The second condition is to indemnify the owner; if that were the only one, the cases cited by appellant might be persuasive. The first condition, however, is to "do and perform" all things specified in the contract to be done by the principal. One thing expressly required to be done by

the principal is to pay for all materials, labor, etc. Obviously, this condition of the bonds is not fulfilled unless and until the principal shall have paid for those items. In our opinion, therefore, this provision brings the case squarely within the rule set forth in Restatement, Security, Sec. 165, as follows:

"Where a surety for a contractor on a construction contract agrees in terms with the owner that the contractor will pay for labor and materials, or guarantees to the owner the promise of the contractor to pay for labor and materials, those furnishing labor or materials have a right against the surety as third party beneficiaries of the surety's contract, unless the surety's contract in terms disclaims liability to such persons."

This rule finds support in the vast majority of jurisdictions. See 4 Corbin on Contracts Sec. 800; 10 Appleman on Insurance, 1965 Supp., Sec. 5807; Stearns on Suretyship (5th Ed.) Sec. 8.13. See also the annotations in 77 A.L.R. 21 and 118 A.L.R. 57. The following cases are particularly pertinent because they deal with language almost precisely the same as was used here. *Westinghouse Elec. Corp. v. Mill & Elevator Co.,* 254 Iowa 874, 118 N.W.2d 528; *Hollerman Mfg. Co. v. Standard Acc. Ins. Co.,* 61 N.D. 637, 239 N.W. 741; *Gibbs v. Trinity Universal Ins. Co.,* Okl., 330 P.2d 1035; *Pennsylvania Supply Co. v. National Cas. Co.,* 152 Pa. Super. 217, 31 A.2d 453; *Royal Indemnity Co. v. Northern Ohio Granite & Stone Co.,* 100 Ohio St. 373, 126 N.E. 405. The same result was reached in *Royal Indemnity Co. v. International Time Recording Co.,* 255 Ky. 823, 75 S.W.2d 527, where the only condition of the bond was similar to the first condition of the present one. In *Dravo-Doyle Co. v. Royal Indemnity Co.,* 372 Pa. 64, 92 A.2d 554, the bond conditions were the same as the present ones, but the surety escaped liability because the principal's contract in plain words limited third party beneficiaries to those who had liens.

We are of the opinion that the majority rule, as set forth in the Restatement, supra, is logical and correct. The surety assumed the contractor's responsibility to perform its contract, including payment for materials and labor; clearly, that promise, standing alone without

limiting language, shows an intent to benefit those who have supplied materials and labor; the promise thus confers upon sub-contractors a right of action as third party beneficiaries.

We see no injustice in this result, especially since the parties, had they in fact intended the contrary, could easily have avoided the result by inserting a few words in the bond itself. Presumably, the appellant based its premium upon the risk assumed; the great body of decisional law on the subject, and especially our language in *Wilmington Housing Authority v. Fidelity and Deposit Co.,* supra, gave the surety ample notice of the need for clarity in expressing its intent. In answer to the suggestion that claims against the surety could go beyond the upper limit of its liability and thus expose an owner to further loss through mechanic's liens, we point out that there are methods by which an owner can protect himself by timely action. He can, for example, make sure that the bond required is in a sufficient amount to cover all contingencies. He can, moreover, withhold payments to the contractor and apply them to payment of liens. See 25 *Del. C.* Sec. 2705 and Sec. 2723.

For the foregoing reasons, the judgment of the Superior Court will be affirmed.