228 So.2d 824

### The HOME INDEMNITY COMPANY, a Corp.

v.

### DANIELS CONSTRUCTION COMPANY of Alabama, for the Use and Benefit of W. R. Grace & Co., a Corp.

**3 Div. 362.**

Supreme Court of Alabama.

Dec. 4, 1969.

---

Kilborn, Darby & Kilborn, Mobile, for appellant.

Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, for appellee.

SIMPSON, Justice.

Daniels Construction Company was the prime contractor for the construction of Gayfer's Springdale addition in Mobile, Gayfer's being a department store. On July 26, 1965, Daniels entered into a subcontract with R. E. Box, d/b/a R. E. Box Construction Company, under which subcontract Box agreed to perform certain work on the Gayfer's job. The Home Indemnity Company issued a subcontract labor and material payment bond with Daniels as obligee, Box as principal, and Home Indemnity as surety. This bond was dated August 27, 1965, and included the following provisions:

"NOW THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if the Principal [Box] shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the subcontract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

"(1) A claimant is defined as one having a direct contract with the Principal

for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the subcontract."

Thereafter Box (principal-subcontractor) contracted with Delta Roof Decks, Inc., a corporation (hereinafter Delta) to furnish and pour lightweight concrete aggregate which was required in performing Box's contract with Daniels on the Gayfer's job. Delta, in turn, ordered concrete aggregate from W. R. Grace & Co. (sub-subcontractors) which used the trade name Zonolite for the aggregate and poured the same, substantially completing its job on or about November 30, 1965. Subsequent to this date it was stipulated that Box had paid Delta all that it was entitled to under Box's contract with Delta. On January 31, 1966, Delta gave Box a certificate stating that Delta had been fully satisfied for work performed on the Gayfer's job.

Thereafter Grace filed suit against Delta for nonpayment of the Zonolite furnished to Delta by Grace. It was stipulated that Grace had received Delta's check in part payment for the Zonolite furnished for this job but that the check was returned for insufficient funds. Thereafter that suit was dismissed with prejudice and this suit was instituted on behalf of Grace against the surety attempting to recover the amount due Grace from Delta, contending that the bond quoted above covered the transaction.

The case was submitted to the court below on a stipulation of facts plus various exhibits.

The trial court entered judgment in favor of Grace and against the surety (appellant) in the amount of $4,024.80. The surety appealed.

The essential question before us is whether or not the surety is liable to a sub-subcontractor under the provisions of its bond.

It was stipulated, and this of course is not denied, that the principal on the bond (Box), though it had a direct contract with Delta, never had any contract or agreement whatsoever wih Grace. The question then becomes whether or not Grace falls within the class of persons named in the bond as third party beneficiaries under the bond.

In Fidelity & Deposit Co. of Baltimore, Md. v. Rainer, 220 Ala. 262, 125 So. 55, 77 A.L.R. 13, this court had occasion to consider language in a bond which is similar to the language contained in the bond in the case at hand. There the bond provided that the condition of the obligation is such that " ' * * * (1) if the principal shall faithfully perform the contract on his part, and * * * (5) shall pay all persons *who have contracts directly* with the principal for labor and material, then this obligation shall be null and void; otherwise it shall remain in full force and effect.' " (Emphasis added.)

In that case the court held that clause 5 covered only those having contracts for labor and materials directly with the contractor (principal). It was held that the obligations under the bond meant that if the contractor (principal) performed the conditions of the bond, his obligations were met. If the contractor did not perform then the bond stood breached. The court said in connection with clause 5 quoted above that "If he [contractor-principal] does not 'pay all persons' their claims for labor and material furnished *under direct contract with the contractor,* says this bond, there is a breach thereof." (Emphasis added.)

The holding in that case was that a person who had a direct contract with the principal could recover under the provisions of the bond. In that case the claimant was one who had a direct contract with the principal. The court gave effect to that provision.

The case at hand differs from the *Rainer* case in that Grace had no direct contract with Box, the principal.

The appellee in its argument in opposition contends that bonds should always be construed so as to give effect to their purpose. Appellee also relies upon and quotes from the *Rainer* case and contends that the statement there made, which is as follows, entitles it to recover: "In construing bonds for construction of public buildings and improvements, courts have generally held such conditions are intended for the benefit of materialmen and laborers because otherwise they are meaningless. The same reason logically applies to a bond in the form here presented [a private building]."

It is true that the *Rainer* case held that bonds should be construed to give effect to their obvious purpose. However, nothing in the *Rainer* case suggests that a condition such as was contained there and such as is contained in the present bond should not be construed according to its obvious meaning. The *Rainer* case held that a person who had a direct contract with the principal under the bond could recover on the bond. Here, Grace attempts to recover on the bond which contains precisely the same language but Grace has no direct contract with the principal.

The appellee relies upon language taken from an opinion of the Supreme Court of the United States in United States for the use of Hill v. American Surety Co., 200 U.S. 197, 26 S.Ct. 168, 50 L.Ed. 437 (1906) for its contention that language in bonds written by paid sureties should be liberally construed so as to secure any person supplying labor or materials in connection with the construction of a structure. That case involved a bond furnished under the Miller Act (40 U.S.C.A. 270a et seq.) and has no application to a bond furnished under the conditions presented in this case. In fact, it has been expressly held by the United States District Court for the District of Maryland, in United States for the Use and Benefit of Newport News Shipbuilding and Dry Dock Company v. Blount Bros. Construction Co. and U. S. F. & G., 168 F.Supp.

407, that a bond furnished under the Miller Act did not extend to a person furnishing labor and materials to a sub-subcontractor. There the court held that such a person was not entitled to bring suit on the bond furnished under the Miller Act which was limited by its terms to materialmen, laborers and subcontractors dealing directly with the prime contractors and that those materialmen, laborers, and sub-subcontractors, who lacking a contractual relationship with the prime contractor, have a direct contractual relationship with a subcontractor. In that case Blount was the prime contractor, Green Fuel was a subcontractor who dealt directly with the prime contractor, and General Metals was a sub-subcontractor. There the court held that Newport News could not recover under the bond for the court concluded that the right to bring suit on a payment bond under the Miller Act was limited to those materialmen, laborers, and subcontractors who dealt directly with the prime contractor and those materialmen, laborers, and subcontractors who lacked express or implied contractual relationship with the prime contractor but who have a direct contractual relationship with a subcontractor. In that case the use plaintiff, Newport News, did not deal directly with the prime contractor nor with a subcontractor. It was, therefore, held that the use plaintiff was not entitled to recover under the bond.

It follows then that the appellee's argument that bonds should be liberally construed, while accurate in itself, does not mean that these contracts like others should be denied the obvious meaning attendant upon the language contained therein.

In Aetna Casualty & Surety Co., et al. v. Kemp Smith Co., Inc., 208 A.2d 737, D.C.Ct. of App., the court had before it a bond which contained essentially the same language as the bond involved here. In holding that one who sued on the bond

**72**

claiming the protection of the bond but who had no direct contract with the principal could not recover, the court held that the claim was not well founded because the bond in terms limited the class of proper claimants to those having a direct contract with the principal (there, George A. Fuller Co., Inc.) or with a subcontractor of the principal. In that case the claimant's contract was with one who at best was a sub-subcontractor of the principal. The court held that, therefore, the claimant did not fall within the class of persons covered under the express provisions of the bond. This result is consistent with the result involving a similar bond considered in United State for Use and Benefit of Newport News Shipbuilding and Dry Dock Co. v. Blount Bros. Construction Co., 168 F.Supp. 407, D.C. of Maryland, 1958.

Although it probably is unnecessary to consider these cases from other jurisdictions in light of what we believe this court held in the *Rainer* case, nevertheless, these cases have been considered to demonstrate the manner in which other courts have construed similar provisions in payment and performance bonds.

It follows, therefore, that the trial court erred in its holding that the appellee here was entitled to recover under the bond sued upon, because in light of the authority existing in this state, which is consistent with the law in other states, the appellee ·in 'this case does not fall within the class of persons covered by the express provisions of the bond sued upon.

For that reason, the cause must be and the same is reversed.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL, COLEMAN, and BLOODWORTH, JJ., concur.