The judgments of the Court of Chancery are affirmed.

The BERLIN STEEL CONSTRUCTION COMPANY and Western Surety Company, Defendants Below, Appellants/Cross Appellees,

v.

SALAH & PECCI LEASING CO., INC., Plaintiff Below, Appellee/Cross Appellee,

and

Structural Services, Inc., Defendant Below, Appellee/Cross Appellant.

No. 678, 2009.

Supreme Court of Delaware.

Submitted: Aug. 25, 2010.
Decided: Oct. 4, 2010.

---

James F. Harker, Esquire, of Cohen Seglias Pallas Greenhall & Furman, P.C., Wilmington, Delaware; Of Counsel: George E. Pallas, Esquire (argued) and Daniella Gordon, Esquire of Cohen, Seglias Pallas Greenhall & Furman, P.C., Philadelphia, Pennsylvania, for Appellants/Cross Appellees.

Joanne P. Pinckney, Esquire, Michael A. Weidinger, Esquire (argued) and Elizabeth A. Wilburn, Esquire of Pinckney, Harris & Weidinger, LLC, Wilmington, Delaware; for Appellee/Cross Appellee, Salah & Pecci Leasing Co., Inc.

Daniel F. Wolcott, Jr., Esquire (argued) and Gregory A. Inskip, Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware for Appellee/Cross Appellant Structural Services, Inc.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices.

BERGER, Justice:

In this appeal we consider whether a leasing company that provided equipment on a construction project may recover from the principal or surety under the terms of a bond. The bond defines a claimant as one having a direct contract with the principal or a subcontractor of the principal. The leasing company had neither. Its contract was with a subcontractor of the subcontractor. Accordingly, under the plain language of the bond, the leasing company is not a "claimant" and may not seek payment from the bond.

**Factual and Procedural Background**

This dispute arises from a 2006 construction project known as the Christiana Landing Condo Tower Project, located in Wilmington, Delaware. BGP Residential Partners V, LLC was the Project owner and GBC Christiana Landing, LLC was the construction manager. Berlin Steel Construction Company, a structural steel company, contracted with GBC to construct a 9 story parking facility. Its contract with GBC provided that Berlin would obtain a performance and payment bond for the benefit of GBC and the Project owner.

Berlin contracted with Structural Services, Inc., a company that erects steel.

Structural, in turn, contracted with J & J Crane and Rigging to lease and operate a crane for the Project. J & J then entered into a contract with Salah & Pecci Leasing Co. (S & P) to lease a crane for J & J to use on the Project. S & P claims that it was not fully compensated for the crane rental, and that it has a balance due of approximately $65,000. J & J, however, never answered S & P's complaint, and appears to be out of business. As a result, S & P is seeking payment from Berlin's bond.

Berlin obtained a "Labor and Material Payment Bond," in the amount of $4.037 million, from Western Surety Company. The Bond requires Berlin, as principal, to pay all claimants for all labor and material used in the performance of Berlin's contract with GBC. The Bond defines "claimant" as a party having a direct contract with Berlin or any of Berlin's subcontractors. The Superior Court determined that S & P is a proper claimant under the Bond, and entered a judgment against Western in the amount of $62,582 plus interest. The trial court denied various cross-claims for indemnification. Berlin and Western appealed, and S & P and Structural cross-appealed.

## Discussion

■ The primary issue is whether S & P is a "claimant" under the Bond. As noted, the Bond defines "claimant" as "one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both used . . . in the performance of this contract."[1] Berlin is the principal. Berlin entered into a subcontract with Structural, which would be a "claimant" because it had a direct contract with Berlin. Structural entered into a subcontract with J & J, which also would

be a "claimant" because it had a direct contract with a subcontractor. J & J then entered into a subcontract with S & P. Importantly, S & P had no contract with Berlin or Structural. Its contract was only with J & J. The question thus becomes whether a third tier subcontractor may make a claim against the Bond.

The trial court held that all subcontractors, no matter how remote from Berlin, are proper claimants under the Bond. The court relied on *Knecht, Inc. v. United Pacific Ins. Co.,*[2] a Third Circuit Court of Appeals decision involving a sub-subcontractor's right to recover under a bond that was virtually identical to Berlin's Bond. In that case, Sordoni Construction Co. was the principal, and United Pacific Insurance Company was the surety. Sordoni entered into a subcontract with W.J. Ambrose, Inc, and Ambrose entered into a sub-subcontract with Knecht, Inc. After Ambrose failed to pay Knecht for its work on the project, Knecht sued United for payment under the bond.

The *Knecht* court noted that there could be no question about Knecht's qualification as a claimant:

> [I]t might be wondered on the basis of our recitation what issue could be raised by United in this appeal. It is, after all, clear that United and Sordoni in the bond agreed with [the owner] that a claimant could bring an action against them jointly and severally on the bond for labor and materials supplied on the project. There is no doubt that Knecht performed the services and supplied the materials for which it seeks recovery and is a claimant as defined in the bond, as it had a sub-subcontract with Am-

---

1. Appellants' Appendix, A–88.

2. 860 F.2d 74 (3rd Cir.1988).

brose which was a subcontractor of Sordoni.[3]

Rather, the defense (and the issue) raised by the surety was that it could have no greater liability than its principal, which was contractually protected against any claim by sub-subcontractors. The court held that the bond "created an independent liability to claimants as defined in the bond and in the clearest language possible allowed the claimants to sue on the bond."[4] The *Knecht* decision provides no guidance on the question of whether S & P, a third tier subcontractor, is a proper claimant, because Knecht was a second tier subcontractor and, therefore, fit the definition of a "claimant."

On reargument, the Superior Court acknowledged that Knecht was a different level of subcontractor than S & P. But the trial court reaffirmed its holding that S & P is a third party beneficiary, entitled to recover on the bond, citing *Royal Indemnity Co. v. Alexander Industries, Inc.*[5] In *Royal*, we adopted the rule set forth in Restatement, Security § 165:

> "Where a surety for a contractor on a construction contract agrees in terms with the owner that the contractor will pay for labor and materials, or guarantees to the owner the promise of the contractor to pay for labor and materials, those furnishing labor or materials have a right against the surety as third party beneficiaries of the surety's contract, unless the surety's contract in terms disclaims liability to such persons."[6]

The Royal bond guaranteed that the principal would "do and perform ... the matters and things in [its contract with the owner]," which included paying for all labor and materials. This Court held:

> The surety assumed the contractor's responsibility to perform its contract, including payment for materials and labor; clearly that promise, standing alone without limiting language, shows an intent to benefit those who have supplied materials and labor; the promise thus confers upon sub-contractors a right of action as third party beneficiaries.
>
> We see no injustice in this result, especially since the parties, had they in fact intended the contrary, could easily have avoided the result by inserting a few words in the bond itself.[7]

The Bond at issue here contains the limiting language that was absent in *Royal*: "the Principal shall promptly make payments to all claimants *as hereinafter defined,* for all labor and materials used or reasonably required for use in performance of [Berlin's contract with GBC]...."[8] Here, claimants include only those "having a direct contract with [Berlin] or with a Subcontractor of [Berlin]...." The plain language of the Bond excludes third tier subcontractors, as they have no contract with Berlin or with a Berlin subcontractor.

This result comports with the interpretation of similar language in other bonds. For example, the Miller Act[9] requires prime contractors on federal construction projects to post payment bonds to protect those having direct contracts with the prime contractor or a subcontrac-

---

**3.** *Id.* at 77.

**4.** *Id.* at 79.

**5.** 211 A.2d 919 (Del.1965).

**6.** *Id.* at 921.

**7.** *Ibid.*

**8.** Appellants' Appendix, A–88 (Emphasis added.).

**9.** 40 U.S.C. § 270a *et. seq.*

tor. In *J.W. Bateson Co, Inc. v. United States ex rel. Board of Trustees of National Automatic Sprinkler Industry Pension Fund,*[10] the United States Supreme Court held that "subcontractor," as that term is used in the building trades, means one who contracts with a prime contractor to perform a portion of the prime contractor's work. Thus, third tier subcontractors are not protected by a Miller Act performance bond. Other courts, addressing similar language in private bonds, have reached the same conclusion.[11]

### Conclusion

Having determined that S & P is not a proper claimant under the Bond, the remaining arguments by appellants and cross-appellants are moot, and will not be considered. The judgment of the Superior Court is reversed.

---

**10.** 434 U.S. 586, 590–91, 98 S.Ct. 873, 55 L.Ed.2d 50 (1978).

**11.** *See, e.g., Home Indemnity Co. v. Daniels Construction Co.,* 285 Ala. 68, 228 So.2d 824 (1969); *Aetna Casualty & Surety Co. v. Kemp Smith Co.,* 208 A.2d 737 (D.C.Ct.App.1965); *Acro–Tek Communications v. Comnet, LLC.,* 2007 WL 4162873 (E.D.La.).